UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

HOWARD L. HILL, II,

        Plaintiff,

        v.

CHARLES E. SAMUELS, JR. *et al.*,

        Defendants.

Civil Action No. 13-0165 (RWR)

MEMORANDUM OPINION

Pending is Defendants' Motion to Dismiss or, Alternatively, to Transfer Venue [Doc. # 13]. Plaintiff has filed an opposition and "counterclaim for summary judgment" [Doc. # 17], and defendants have filed a reply [Doc. # 19]. For the following reasons, the complaint will be dismissed in part and transferred.

Plaintiff is a prisoner who was once housed at the United States Penitentiary in Lewisburg, Pennsylvania ("USP Lewisburg"). He sues the warden there and certain high-level officials of the Bureau of Prisons, including Director Charles Samuels, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff purports to challenge the constitutionality of BOP's Program Statement ("PS") 1315.07 governing the legal activities of inmates. *See* www.bop.gov/policy/progstat/1315_007. He alleges that the policy as applied to him has hindered his pursuit of a collateral challenge to his conviction in the Superior Court of the District of Columbia. *See generally* Compl. at 8-13.

Under *Bivens*, a plaintiff has "an implied private action for damages against federal officers alleged to have violated [his] constitutional rights." *Corr. Servs. Corp. v. Malesko*, 534

1

U.S. 61, 66 (2001). Critical to a *Bivens* claim is an allegation "that the defendant federal official was personally involved in the illegal conduct." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997); *see accord Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (explaining that "[b]ecause vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

   1. The Claim Against Defendants Samuels and Watts

Plaintiff purports to sue the District of Columbia-based defendants, Director Samuels and National Inmate Appeals Administrator Harrell Watts, in their "individual/personal capacity" because "they are in charge of implementing and affecting BOP Policy Statements and Regulations on a national or nationwide level . . . ."[1] Compl. at 4, ¶ 10. This premise does not implicate either defendant as a participant in the alleged misconduct at USP Lewisburg, and the challenged Program Statement leaves it to "[t]he Warden [to] establish an inmate law library, and procedures for access to legal reference materials and to legal counsel, and for preparation of legal documents." PS 1315.07, ¶ 1. The allegations are insufficient to hold either Samuels or Watts personally liable under *Bivens*. *See Ballard v. Holinka*, 601 F. Supp. 2d 110, 120 (D.D.C. 2009) ("Lappin's supervisory role as the BOP's Director does not render him personally liable for the alleged wrongful acts of the BOP's employees."); *Thomas v. U.S.*, 779 F. Supp. 2d 154, 157-58 (D.D.C. 2011 ) (concluding that "the claim against Watts, predicated only on his issuance of an adverse decision on plaintiff's administrative appeal, does not establish the requisite personal involvement of Watts in any decisions about plaintiff's medical care" to support a *Bivens* claim).

---

[1] Plaintiff mistakenly identifies Watts as BOP's General Counsel. Compl. Caption; Compl. at 4, ¶ 10. Judicial notice is taken of the fact that Kathleen M. Kenney is BOP's General Counsel.

2

Hence, the motion to dismiss the complaint against Director Samuels and Administrator Watts will be granted for failure to state a claim upon which relief can be granted.

    2. Improper Venue

"Courts in this jurisdiction must examine challenges to . . . venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia." *Cameron v. Thornburgh*, 983 F.2d 253, 256 (D.C. Cir. 1993). Under the circumstances of this case, venue is proper in a judicial district where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). Since none of the alleged events occurred in the District of Columbia, the remainder of this case will be transferred in the interest of justice to a judicial district "where the court may exercise personal jurisdiction [over the individuals directly responsible for the alleged misconduct], where venue is proper, and where the events giving rise to plaintiff's claims occurred." *Ballard*, 601 F. Supp. 2d at 123; *see Zakiya v. United States*, 267 F. Supp. 2d 47, 59 (D.D.C. 2003) (transferring case involving challenge to national BOP policy to the district where "actual implementation" of the policy occurred). A separate order accompanies this Memorandum Opinion.

                                                         _____/s/_____
                                                         RICHARD W. ROBERTS
DATE: November 20, 2013                         Chief Judge