IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HOWARD L. HILL, II,　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　　　Plaintiff　　　　　　　　:
　　　　　　　　　　　　　　　　　　:
　　　v.　　　　　　　　　　　　　　:　　CIVIL NO. 3:CV-13-2984
　　　　　　　　　　　　　　　　　　:
CHARLES E. SAMUELS, JR., ET AL.,:　　(Judge Conaboy)
　　　　　　　　　　　　　　　　　　:
　　　　　Defendants　　　　　　　 :

FILED
SCRANTON
MAR 18 2016

PER _____ 
DEPUTY CLERK

**MEMORANDUM**
**Background**

　　　Howard L. Hill, II an inmate presently confined at the Canaan United States Penitentiary, Waymart, Pennsylvania filed this Bivens[1]-type pro se civil rights action in the United States District Court for the District of Columbia.[2] Plaintiff's action was subsequently dismissed in part by the District of Columbia with the remaining portion of his action being transferred to this Court. See Doc. 27.

　　　Remaining Defendants are two employees at Plaintiff's prior

---

　　[1] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Bivens stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." Butz v. Economou, 438 U.S. 478, 504 (1978).

　　[2] The Complaint is dated January 23, 2013 and will be deemed filed as of said date. See Houston v Lack, 487 U.S. 266 (1988).

1

place of confinement, the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg), Warden J.E. Thomas and Supervisor of Education Vince Cahill as well as Bureau of Prisons (BOP) Northeast Regional Director J. L. Norwood.

Hill states that he is presently serving a criminal sentence which was imposed by the Superior Court for the District of Columbia.[3] Pursuant to the provisions of National Capital Revitalization and Self-Government Improvement Act of 1997 ("Revitalization Act"), Pub. L. No. 105-33, § 11231(a), 111 Stat. Ann. 712, 745 (effective date Aug. 5, 1998), the Plaintiff was transferred into BOP custody on or about April 18, 2002. See Doc. 1, ¶ 15.

Plaintiff asserts that while previously confined at USP-Lewisburg[4] he was denied access to the courts because the prison's law library lacked District of Columbia legal reference materials or staff trained in District of Columbia law. See id., ¶ 13. Hill also asserts that he was denied free photocopies of legal material and that his right to privacy was violated because prison officials were able to view the research

---

[3] Documents provided by the Remaining Defendants indicate that Hill is serving a 30 year sentence for first degree felony murder while armed and is scheduled for release in 2028.

[4] Remaining Defendants acknowledge that Plaintiff was confined at USP-Lewisburg from May 9, 2011 to March 11, 2013. He was also returned to that facility for a period of time in 2014 a time frame which is not the subject of this action.

2

he conducted when using the prison's Electric Law Library (ELL).[5] The Plaintiff also vaguely challenges the legality of BOP Program Statement 1315.07 regarding the legal research and litigation related activities of inmates on the basis that in his case said policy hindered his ability to collaterally challenge his criminal conviction. Plaintiff concludes that he was unable to collaterally challenge his underlying criminal conviction or file a request under the Freedom of Information Act (FOIA).[6] See id. at ¶ 27. The Complaint seeks injunctive and declaratory relief as well as compensatory and punitive damages.

Presently pending is Defendants' motion to dismiss and for summary judgment. See Doc. 59. Also before the Court is Plaintiff's cross summary judgment motion. See Doc. 72. Both motions are ripe for consideration.

## Discussion

**Motion to Dismiss**

Remaining Defendants' pending dispositive motion is

---

[5] ELL provides inmates with computerized access to a wide variety of legal materials including the D.C. Code, D.C. Court Rules, and D.C. judicial decisions.

[6] It is noted that District of Columbia offenders such as Hill are considered state prisoners for purposes of the federal habeas corpus statutes. See Madley v. United States Parole Comm'n, 278 F.3d 1306, 1309 (D.C. Cir. 2002).

supported by evidentiary materials outside the pleadings. Federal Rule of Civil Procedure 12(d) provides in part as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(b)(d).

This Court will not exclude the evidentiary materials accompanying Remaining Defendants' motion. Thus, it will be construed as solely seeking summary judgment. See Latham v. United States, 306 Fed. Appx. 716, 718 (3d Cir. 2009)(when a motion to dismiss has been framed alternatively as a motion for summary judgment such as in the present case, the alternative filing is sufficient to place the parties on notice that summary judgment might be entered).

**Summary Judgment**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it

4

might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the

5

existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**Plaintiff's Cross Motion**

In response to the Remaining Defendants' dispositive motion, Plaintiff has filed a "counter claim for summary judgment" which will be construed as a cross summary judgment motion. See Doc. 72.

Based on this Court's review of the Plaintiff's motion and supporting documents, he has failed to set forth any authority establishing that he is entitled to judgment as a matter of law with respect to his claims before this Court. The motion, brief in support, and statement of material facts merely reasserts Hill's previously raised factual averments and claims for relief. Plaintiff's filings are devoid of any arguments, authority, or supporting case law which could warrant entry of summary judgment in his favor.

Hill has also not satisfied his burden of proof of

6

establishing all the essential elements required to succeed with respect to his surviving claims. Consequently, based on an application of the well settled Rule 56 standards, Plaintiff's cross motion for summary judgment will be denied.

**Administrative Exhaustion**

Remaining Defendants acknowledge that Plaintiff exhausted an administrative grievance regarding his claims of having insufficient access to District of Columbia legal research materials, lack of a trained assistant, and denial of photocopying. See Doc. 67, p. 10. However, they contend that Hill's claim of lack of privacy on ELL was not fully exhausted before this action was filed. Furthermore, the Plaintiff did file any administrative grievance regarding his challenge to the constitutionality of BOP Program Statement 1315.07.

Section 1997e(a) of title 42 U.S.C. provides:

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Section 1997e(a) requires administrative exhaustion "irrespective of the forms of relief sought and offered through administrative avenues." Porter v. Nussle, 122 S.Ct. 983, 992

7

(2002); Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001). Claims for monetary relief are not excused from the exhaustion requirement. Nyhuis v. Reno, 204 F.3d 65, 74 (3d Cir. 2000). Dismissal of an inmate's claim is appropriate when a prisoner has failed to exhaust his available administrative remedies before bringing a civil rights action. Ahmed v. Sromovski, 103 F. Supp. 2d 838, 843 (E.D. Pa. 2000). "[E]xhaustion must occur prior to filing suit, not while the suit is pending." Tribe v. Harvey, 248 F.3d 1152, 2000 WL 167468, *2 (6th Cir. 2000)(citing Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999)); Oriakhi v. United States, 165 Fed. Appx. 991, 993 (3d Cir. 2006).

The United States Supreme Court in Jones v. Bock, 549 U.S. 199, 219 (2007), stated that the primary purpose of the exhaustion requirement is to allow "a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." Id. The administrative exhaustion mandate also implies a procedural default component. Spruill v. Gillis 372 F.3d 218, 222 (3d Cir. 2004).

As explained by the Third Circuit, a procedural default rule "prevents an end-run around the exhaustion requirement."

Id. at 230. It also ensures "prisoner compliance with the specific requirements of the grievance system" and encourages inmates to pursue their administrative grievances "to the fullest." Id. Similarly, the Supreme Court has observed that proper exhaustion of available administrative remedies is mandatory, meaning that prisoners must comply with the grievance system's procedural rules, including time limitations. Woodford v. Ngo, 548 U.S. 81 (2006).

"There is no futility exception" to the exhaustion requirement." Brown v. Croak, 312 F.3d 109, 112 (3d cir. 2002) (citing Nyhuis, 204 F.3d at 75. The Third Circuit Court of Appeals reiterated its no futility exception by rejecting an inmate's argument that exhaustion should be excused because prisoner grievances were regularly rejected. Hill v. Smith, 186 Fed. Appx. 271, 274 (3d Cir. 2006). The Court of Appeals has also rejected "sensitive' subject matter or 'fear of retaliation' as a basis for excusing a prisoner's failure to exhaust." Pena-Ruiz v. Solorzano, 281 Fed. Appx. 110, 113 (3d Cir. 2008).

An inmate is not required to specifically plead or demonstrate exhaustion in his or her complaint. See, Jones, 549 U.S. at 216; see also Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002)(a prisoner does not have to allege in his complaint that

9

he has exhausted administrative remedies). Rather, pursuant to the standards announced in Williams v. Runyon, 130 F.3d 568, 573 (3d Cir. 1997), it is the burden of a defendant asserting the defense of non-exhaustion to plead and prove it.[7]

The BOP has a well established three (3) step Administrative Remedy Program whereby a federal prisoner may seek review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.19. After attempting to informally resolve the issue, a BOP inmate can initiate the first step of the grievance process by submitting "a formal written Administrative Remedy Request, on the appropriate form (BP-9)," within twenty (20) calendar days "following the date on which the basis for the Request occurred." See 28 C.F.R. § 542.14(a). The Warden has twenty (20) calendar days from the date the Request or Appeal is filed in which to respond." See 28 C.F.R. § 542.18. If not satisfied with the Warden's response, an inmate may appeal (step two) on the appropriate form (BP-10) to the Regional Director within twenty (20) calendar days of the date the Warden signed the response. See 28 C.F.R. § 542.15. Finally, if the inmate is dissatisfied with the Regional Director's response, that

---

[7] In Mitchell v. Horn, 318 F.3d 523, 529 (3d Cir. 2003), the United States Court of Appeals for the Third Circuit similarly stated that "[f]ailure to exhaust administrative remedies is an affirmative defense for the defendant to plead."

10

decision may then be appealed (step three) on the appropriate form (BP-11) to the Central Office within thirty (30) calendar days from the date the Regional Director signed the response. Id. Additionally, "[i]f the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." Id.

In support of the non-exhaustion argument, Remaining Defendants have submitted a declaration under penalty of perjury submitted by non-Defendant USP-Lewisburg Attorney Advisor Jennifer Knepper. See Doc. 68-1, p. 23. Knepper states during the course of his BOP incarceration Plaintiff initiated 120 grievances. While Hill filed grievances regarding insufficient access to legal materials and a trained legal assistant as well as denial of free photocopying, those two grievances were "effectively exhausted" by the BOP's Central Office on January 18, 2013. See id. at ¶ 6.

As previously noted, Hill's Complaint is dated January 23, 2013 and must be deemed filed as of said date pursuant to the standards announced in Houston v Lack, 487 U.S. 266 (1988). Accordingly, this Court concurs with Remaining Defendants' observation that Hill's claims of having insufficient access to District of Columbia legal research materials, lack of a trained

11

assistant, and denial of photocopying were exhausted.

Knepper also admits that Plaintiff filed a grievance regarding his lack of privacy claim while using ELL on December 10, 2012. However, the declarant points out that the final administrative appeal of the grievance was not "considered denied due to time lapse" until February 8, 2013. Id. at ¶ 7. As such, Knepper concludes that the lack of privacy claim was not administratively exhausted prior to the filing of this action.

Knepper adds that the only other grievance filed by Hill concerned a law library at another correctional facility, as such, Remaining Defendants maintain that the Plaintiff did file any administrative grievance regarding his challenge to the constitutionality of BOP Program Statement 1315.07. Plaintiff does not dispute the above assertions but states that his non-exhaustion should be excused as harmless error.

Based upon the undisputed evidence submitted by the Remaining Defendants, they have satisfied their burden of establishing that Plaintiff's claim of a lack of privacy while doing research on ELL was not administratively exhausted until February 8, 2013. Since Plaintiff agrees that his final administrative appeal was still pending at the time this matter was filed, Remaining Defendants have satisfied their burden

12

under Williams of establishing that this lawsuit was initiated prior to his completion of the BOP's administrative grievance procedure.

Pursuant to the standards developed in Tribe and Oriakhi, Hill's lack of privacy claim was not administratively exhausted before the filing of this action and as such entry of summary judgment on the basis of non-exhaustion with respect to said claim is appropriate.

It is also undisputed that Plaintiff did not file any administrative grievance regarding his present challenge to the legality of BOP Program Statement 1315.07. Accordingly, the request for entry of summary judgment on the basis of non-exhaustion is also meritorious with respect to that claim.

**Personal Involvement**

Remaining Defendants' second argument contends that they are entitled to entry of summary judgment because there are no allegations that they had personal involvement in the alleged constitutional violations. See Doc. 67, p. 18. They note that the Complaint contends only that "Supervisor Cahill denied his informal requests to staff, Warden Thomas denied his administrative remedies at the institution level and Regional Director Norwood denied his appeal at the regional level." Id. They conclude that since it appears that Hill is attempting to

13

establish liability based upon either their respective supervisory capacities or the handling of his administrative grievances, entry of summary judgment is appropriate.

A plaintiff, in order to state an actionable civil rights claim, must plead two essential elements: (1) that the conduct complained of was committed by a person acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 638 (3d Cir. 1995); <u>Shaw by Strain v. Strackhouse</u>, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Federal civil rights claims brought cannot be premised on a theory of <u>respondeat superior</u>. <u>Rode v. Dellarciprete</u>, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>Hampton v. Holmesburg Prison Officials</u>, 546 F.2d 1077 (3d Cir. 1976). As explained in <u>Rode</u>:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

14

Rode, 845 F.2d at 1207.

Inmates also do not have a constitutional right to a prison grievance system. See Jones v. North Carolina Prisoners Labor Union, 433 U.S. 119, 137-138 (1977); Speight v. Sims, No. 08-2038, 2008 WL 2600723 at *1 (3d. Cir. Jun 30, 2008)(citing Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001)("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner.") Consequently, any attempt by Plaintiff to establish liability against the Remaining Defendants solely based upon the substance or lack of response to his institutional grievances does not by itself support a constitutional due process claim. See also Alexander v. Gennarini, 144 Fed. Appx. 924, 925 (3d Cir. 2005)(involvement in post-incident grievance process not a basis for § 1983 liability); Pryor-El v. Kelly, 892 F. Supp. 261, 275 (D. D.C. 1995) (because prison grievance procedure does not confer any substantive constitutional rights upon prison inmates, the prison officials' failure to comply with grievance procedure is not actionable).

Pursuant to the above discussion, entry of summary judgment in favor of the Remaining Defendants is appropriate with respect to all claims premised upon the handling of Hill's grievances and grievance appeals. A review of the Complaint shows that

15

there are no other allegations set forth which could show that the Remaining Defendants had any personal involvement in the alleged unconstitutional deprivations which purportedly occurred to Hill while at USP-Lewisburg. Since liability cannot be premised against the Remaining Defendants on the basis of their respective supervisory capacities, under the personal involvement pleading requirements of Rode, they are entitled to entry of summary judgment.

**Access to the Courts**

Remaining Defendants acknowledge that while housed at USP-Lewisburg, Hill filed a pro se motion to vacate his District of Columbia sentence which was denied on August 8, 2013. He also filed a motion to reduce his sentence which was denied on August 23, 2013. See Doc. 67, p. 9. However, they contend that the Complaint fails to set forth any facts whatsoever which could support a claim that Hill suffered any actual injury to a litigation effort as a result of any deprivation or condition existing at USP-Lewisburg.

Hill also alleges that the Remaining Defendants denied him access to the courts because he was not provided with free photocopying of legal materials. Remaining Defendants assert that entry of summary judgment with respect to this claim is appropriate because Hill enjoys "no First Amendment right to

16

free or subsidized photocopying." Doc. 67, p. 23.

Prisoners enjoy a constitutional right of meaningful access to the law libraries, legal materials, or legal services. Bounds v. Smith, 430 U.S. 817, 821-25 (1977).  The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded.  A plaintiff must also allege an actual injury to his litigation efforts.  Under the standards mandated by Lewis, in order for an inmate to state a claim for interference with his legal work, he must demonstrate that he has suffered actual injury. See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(concluding that Lewis effectively requires a showing of actual injury where interference with legal mail is alleged).

Multiple courts have recognized that prisoners have no right to free photocopying for use in lawsuits. Johnson v. Moore, 948 F. 2d 517, 521 (9th Cir. 1991)("denial of free photocopying does not amount to a denial of access to the courts"); Harrell v. Keohane, 621 F. 2d 1059 (10th Cir. 1980); Jenkins v. Porfiro, Civil Action No. 3:CV-95-2048, slip op. at 1 (M.D. Pa. May 15, 1996) (Caputo, J.).

It has also been held that there is no requirement that the

17

government or a defendant has to pay for an indigent plaintiff's litigation efforts. Smith v. Yarrow, 78 Fed. Appx. 529, 544 (6th Cir. 2003). Simply put, neither this Court nor prison officials are constitutionally required to relieve Hill of reasonable payment for the photocopying and service of documents. Accordingly, entry of summary judgment in favor of the Remaining Defendants with respect to the merits of the denial of photocopying claim is appropriate.[8]

It is undisputed that ELL provided Plaintiff with computerized access to a wide variety of legal materials including the D.C. Code, D.C. Court Rules, and D.C. judicial decisions. Moreover, Plaintiff admits that he was afforded training in the use of ELL. There is also no discernible claim of interference with either Plaintiff's legal mail or his personal legal materials. Moreover, Hill also filed two collateral challenges to his criminal sentence.[9]

Based upon those considerations and the failure of the Complaint to present facts showing that Hill suffered actual injury to a non-frivolous litigation effort because of some intentional impediment by the Remaining Defendants, summary

---

[8] It is noted that Hill acknowledges in his Complaint that he was provided with some free photocopies as an indigent inmate.

[9] Hill also contends that he was unable to pursue an FOIA request but he offers no reasons for his inability to do so.

judgment will be granted with respect to the denial of access to the courts.[10] The mere fact that Plaintiff's collateral challenges to his criminal conviction were denied does not by itself warrant a finding that the denial stemmed from a denial of access to the courts.

**Mootness**

It is additionally noted that federal courts can only resolve actual cases or controversies, U.S. Const., Art. III, § 2, and this limitation subsists "through all stages of federal judicial proceedings. . . ." Id. see also Steffel v. Thompson, 415 U.S. 452, 459 (1974) (the adjudicatory power of a federal court depends upon "the continuing existence of a live and acute controversy)" (emphasis in original). An actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy . . . if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622

---

[10] It is also noted that a declaration under penalty of perjury Trust Fund Supervisor Doug Williams provides that although USP-Lewisburg staff has access to an inmate's ELL usage data, time, and and print requests for the purpose of billing and refunds the content of prisoners' ELL usage is not monitored. See Doc. 68-1, p. 16. Based upon this undisputed declaration, Remaining Defendants have also shown that Plaintiff's ELL related lack of privacy claim lacks merit.

19

F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

Furthermore, an inmate's claim for injunctive and declaratory relief fails to present a case or controversy once the inmate has been transferred. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (citation omitted); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

When Plaintiff initiated this action he was confined at USP-Lewisburg and his action seeks injunctive and declaratory relief with respect to conditions at that facility. He is no longer confined at that prison and there is no indication that Hill will be returned to USP-Lewisburg in the foreseeable future. Therefore, Plaintiff's action to the extent that it seeks injunctive and declaratory relief based upon conditions which existed during his prior confinement at USP-Lewisburg is subject to dismissal on the basis of mootness. An appropriate Order will enter.[11]

_____
RICHARD P. CONABOY
United States District Judge

DATED: MARCH 18, 2016

---

[11] Based upon the Court's determinations herein, a discussion of the request for qualified immunity is not necessary.